UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMINIC A. CASTLEBERRY, *on behalf of himself and all others similarly situated*, *Plaintiff*, v. NAVY FEDERAL CREDIT UNION, *Defendant*. | § | Civil Action No. 3:26-CV-1720-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Navy Federal Credit Union's (Navy Federal) Motion to Transfer Venue and Motion to Dismiss. (Docs. 14, 17). The Court finds that Plaintiff Dominic A. Castleberry lacks an injury-in-fact necessary to maintain his suit in federal court. The Court therefore **GRANTS** Navy Federal's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Castleberry's Equal Credit Opportunity Act claim for lack of jurisdiction. Because the Court lacks jurisdiction, the Court **DENIES** Navy Federal's motion to transfer.

## I. Background

The Court assumes the well-pleed facts in the complaint are true, and they are quite simple. Castleberry applied for a line of credit from Navy Federal. Navy Federal denied his application. In its denial letter, Navy Federal said it denied the application due to "Limited Credit Experience."[1] Castleberry claims this reason is

[1] Doc. 9 at 2.

not specific enough, so he brought this suit under the Equal Credit Opportunity Act ("the Act"). Navy Federal filed a motion to dismiss for lack of standing and failure to state a claim and filed a separate motion to transfer venue.

## II. Legal Standard

A Rule 12(b)(1) motion challenges a court's jurisdiction to hear a case.[2] As the party invoking federal jurisdiction, Castleberry bears the burden of establishing jurisdiction.[3] But the Court accepts Castleberry's well-pled facts as true.[4] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[5] A Rule 12(b)(1) dismissal is without prejudice.[6]

## III. Analysis

The Court first addresses Navy Federal's motion to dismiss for lack of jurisdiction. The Court finds that Castleberry has not pled a cognizable injury in fact. Lacking an injury in fact defeats standing and deprives the Court of jurisdiction over this case. Thus, the Court does not reach Navy Federal's failure to state a claim argument. Without jurisdiction, the Court has no power to transfer the case, so the Court cannot address Navy Federal's motion to transfer.

---

[2] FED. R. CIV. P. 12(b)(1); *see Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[4] *See Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

[5] *Ramming*, 281 F.3d at 161 (cleaned up).

[6] *Id.*

### A. Standing

Article III of the Constitution requires a plaintiff to have standing to show that its claims are a "Case[]" or "Controvers[y]" fit for judicial resolution.[7] To show standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[8] Although the plaintiff has the burden of establishing those elements, courts assume for standing purposes that the plaintiff is correct on the merits.[9]

An injury in fact "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."[10] But statutes "cannot dispense with the injury requirement altogether."[11] "Put differently, the deprivation of a right created by statute must be accompanied by some concrete interest that is affected by the deprivation."[12] An injury must also be particularized, which the Supreme Court has defined to mean "it must affect the plaintiff in a personal and individual way."[13]

For its standing analysis, the Court assumes that Navy Federal's denial letter violated the Act.[14] Even with this assumption, Castleberry has not established an

---

[7] U.S. CONST. art. III, § 2; *see Raines v. Byrd*, 521 U.S. 811, 818 (1997).

[8] *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[9] *Young Conservatives of Tex. Found. v. Smatresk*, 73 F.4th 304, 309 (5th Cir. 2023).

[10] *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (cleaned up).

[11] *Laufer v. Mann Hospitality, L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021).

[12] *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016) (cleaned up).

[13] *Spokeo*, 578 U.S. at 339 (cleaned up).

[14] *See Young Conservatives of Tex. Found.*, 73 F.4th at 309.

injury in fact. Castleberry must show that Navy Federal violating the Act inflicted on him a concrete injury in fact.[15]

In *TransUnion LLC v. Ramirez*, the Supreme Court held "only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."[16] "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions."[17] Here, even if Navy Federal's denial letter violates the Act, that violation did not cause Castleberry any concrete, real-world injury. Castleberry has not alleged that the denial letter precluded him from reapplying for credit from Navy Federal, that the denial letter caused other financial institutions to deny credit, or that he incurred any monetary loss stemming from the letter's lack of specificity.[18] In short, Castleberry suffered no legally cognizable harm from the denial letter's lack of specificity.

At most, Castleberry complains that the letter's lack of specificity "deprived Plaintiff of the opportunity to address or correct the issues that Defendant based its credit denial on."[19] But Castleberry "identified no downstream consequences from failing to receive the required information."[20] Even in the context of public disclosure

---

[15] *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021).

[16] *Id.* at 427 (cleaned up).

[17] *Ray v. Experian Info. Sols., Inc.*, No. 3:24-CV-1129-X, 2025 WL 3034099, at *3 (N.D. Tex. Oct. 30, 2025) (Starr, J.).

[18] The Court does not find that any one of these circumstances would independently support an injury in fact. But it would be a start.

[19] Doc. 9 at 2.

[20] *TransUnion LLC*, 594 U.S. at 442 (cleaned up).

statutes—where informational injury is at the forefront—the Fifth Circuit still requires identifying a downstream consequence from failing to disclose.[21] Castleberry has not identified one. So his complaint fails because he did not plead a cognizable injury in fact.[22] Because Castleberry lacks standing and is the only named plaintiff, his attempt to bring this case as a class action fails.[23]

### B. Transfer

Navy Federal also moved to transfer this case to the Eastern District of Virginia.[24] Navy Federal argues that the Court can still transfer the case despite lacking jurisdiction.[25] For this proposition, Navy Federal cites a string of Supreme Court, Fifth Circuit, and Northern District cases.[26]

*Sinochem* and *Sangha* both involved a motion to dismiss for lack of personal jurisdiction and a venue attack.[27] But in each case, the venue attack came in a motion to dismiss, not a motion to transfer.[28] That distinction makes a difference.

---

[21] *Campaign Legal Ctr. v. Scott*, 49 F.4th 931, 936–37 (5th Cir. 2022).

[22] Castleberry cites a single case to support standing on his claim under the Act: *Dorton v. Kmart Corp.*, 229 F. Supp. 3d 612, 618 (E.D. Mich. 2017). *See* Doc. 24 at 4. But *Dorton* involved a different kind of claim under the Act. There, the creditor failed to provide *any* reason for denial. *Dorton*, 229 F. Supp. 3d at 618. Here, Navy Federal provided a reason—albeit one that did not satisfy Castleberry's desired specificity. Moreover, *Dorton* was decided before *TransUnion*. The Court finds *TransUnion*'s reasoning applies to the Act.

[23] *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 823 (5th Cir. 2022) ("[I]n a class action, federal courts lack jurisdiction if no named plaintiff has standing." (cleaned up)).

[24] Doc. 14.

[25] Doc. 15 at 2 n.1

[26] *Id.* (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007); *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96 (5th Cir. 2018); *KeyCity Cap., LLC v. Davenport Invs., LLC*, No. 15-CV-2729-M, 2022 WL 581146 (N.D. Tex. Feb. 25, 2022) (Fitzwater, J.); *McCormick v. Payne*, 3:15-CV-02729-M, 2015 WL 7424772 (N.D. Tex. Nov. 23, 2015) (Lynn, J.)).

[27] *Sinochem*, 549 U.S. at 427; *Sangha*, 882 F.3d at 99.

[28] *See Sinochem*, 549 U.S. at 427; *Sangha*, 882 F.3d at 99.

*Sinochem* held "that a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits."[29] In other words, a court can choose to dismiss a case for *forum non conveniens* rather than for lacking jurisdiction.[30]

But transferring a case is not "denying audience to a case" in the same way as dismissal.[31] True, a transfer denies an audience to the case in a particular district or division. But it does not deny an audience in federal court generally. The Eastern District of Virginia may have different middle management, but it would still have to determine whether Castleberry suffered an injury in fact under *Spokeo* and *TransUnion*.[32] Unlike some jurisdictional attacks (like personal jurisdiction), standing cannot be cured simply by transferring venue. For these reasons, the Court does not find persuasive the two Northern District cases that allowed transfer prior to establishing jurisdiction.[33]

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."[34] The motion to transfer does not dismiss the case. Navy Federal did not file a Rule 12(b)(3) motion; it only filed a Rule 12(b)(1) and 12(b)(6) motion to dismiss. So the Court resolves Navy Federal's 12(b)(1) motion first, and on that basis, dismisses

[29] *Sinochem*, 549 U.S. at 431 (cleaned up).

[30] *Id.* at 432.

[31] *See id.* at 431.

[32] *Spokeo*, 578 U.S. at 338; *TransUnion*, 594 U.S. at 425.

[33] *See KeyCity Cap*, 2022 WL 581146, at *2; *McCormick*, 2015 WL 7424772, at *2.

[34] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868)).

the case. Accordingly, the Court lacks jurisdiction to rule on Navy Federal's motion to transfer.[35]

## IV. Conclusion

The Court **GRANTS** Navy Federal's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Castleberry's Equal Credit Opportunity Act claim for lack of jurisdiction. The Court lacks jurisdiction to rule Navy Federal's motion to transfer. The Court will give Castleberry leave to file, within 28 days of this order, an amended complaint that cures the jurisdictional defects outlined above. He may not add any additional claims or parties in the amended complaint.

**IT IS SO ORDERED** this 29th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[35] The Court recognizes that, in a related case before the Central District of California, that court granted a motion to transfer rather than a motion to dismiss for lack of jurisdiction. *Frances Donison v. Navy Fed. Credit Union*, 2026 WL 3023843, at *1 (C.D. Cal. Oct. 7, 2026). That order does not analyze the authorities cited herein, so the Court has no reasoning to distinguish. *See id.* at *1, *3.